UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| In re<br>SHANA YOUNG<br><br>Debtor | CASE NO. 4:19-BK-15982<br>CHAPTER 13 |
| SHANA YOUNG<br>        Plaintiff<br><br>  vs.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1,<br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, and<br>NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2<br>        Defendants | ADV. PRO. CASE NO: |

**Debtor's Complaint to Determine Private Student Loans Dischargeable
For "Undue Hardship" under 11 U.S.C. § 523(a)(8)**

**Nature of Action**

1. This is an adversary proceeding by which the Debtor seeks a declaration that private student loans constitute an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

**Jurisdiction and Venue**

2. On November 8, 2019, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Arkansas for relief under 11 U.S.C. § 1328, Chapter 13 of the Bankruptcy code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C § 1409.

## Parties

6. Plaintiff, Shana Young, is the Debtor in the above captioned case. She is the recipient of a private student loan held by the Defendant.

7. Defendant National Collegiate Student Loan Trust 2005-1 is a Delaware Statutory Trust and is the holder of a loan at issue.

8. Defendant National Collegiate Student Loan Trust 2005-3 is a Delaware Statutory Trust and is the holder of a loan at issue.

9. Defendant National Collegiate Student Loan Trust 2006-2 is a Delaware Statutory Trust and is the holder of a loan at issue.

## Factual Allegations

10. Shana Young is a resident of Sherwood, Arkansas.

11. The 2005-1 trust balance is in excess of $32,000.[1]

12. The 2005-3 trust balance is in excess of $31,000.[2]

13. The 2006-2 trust balance is in excess of $29,000.[3]

14. The total balance owed to the trusts collectively ("NCT") is in excess of $92,000.

15. Prior to filing the bankruptcy, the minimum payments were an amount that Young could not afford.

16. These loans were defaulted and accelerated prior to the filing of Young's Chapter 13 bankruptcy.

17. A collection lawsuit was filed by the 2005-1 trust in August of 2018, seeking to collect $32,031.93 plus interest and costs.

18. Young originally borrowed $21,836 in 2004, now held by the 2005-1 trust.

19. The 2005-1 trust loan defaulted in 2011.

20. On information and belief, the other two loans defaulted at the same time in 2011.

21. The 2005-1 trust lawsuit states that since default, Young paid $4,279.78 in principal.

---

[1] Listed as a creditor on Schedule E, number 4.4. No claim was filed.
[2] Not listed as a creditor on Schedule E, but claim #9 was filed by their representative, Transworld Systems Inc.
[3] Not listed as a creditor on Schedule E, but claim #5 was filed by their representative, Transworld Systems Inc.

22. Young filed bankruptcy to free herself of financial burden to enable her to maintain a basic sense of living.

23. Young has limited her living expenses as best possible given her limited income.

24. Since the filing of her Chapter 13, Young has suffered a decline in her income and ability to earn an income that would allow her to maintain a basic sense of living and afford this loan.

25. These loans are not federal loans and do not offer any ability to cure the default and as such the full amount in excess of $92,000 is due and payable immediately.

26. These loans are not federal loans and do not have any of the programs available that federal loans have, such as payments based on income, disability discharge, or death discharge.

27. Young is unable to make minimum payments on these loans as they are accelerated and the minimum due would be the full amount in excess of $92,000.

28. Because the loans are defaulted and accelerated, there is no term of the loan with which to measure Young's ability to make payments. That again is because Young is required to pay the full amount due in excess of $92,000.

29. Young has made good faith attempts to make payments as evidenced through the lawsuit attachments stating that over $4,000 was paid after default but before the lawsuit.

30. On information and belief, Young made payments on the other two loans after the loans defaulted.

31. Young's income has never been enough to afford the payment of the fully accelerated balance nor is there any prospect of that occurring.

32. These loans represent an undue hardship to Young.

## Claims for Relief

*Declaration that the Private Student Loan Obligations to NCT Should be Discharged Pursuant to Section 523(a)(8)*

33. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. The repayment of NCT private student loans owed by Young would be an undue hardship to her.

35. As a result, her private student loan obligations to NCT should be discharged pursuant to Bankruptcy code section 523(a)(8).

WHEREFORE, the Debtor demands judgment declaring that her private student loans owed to NCT are discharged pursuant to Bankruptcy Code section 523(a)(8).

Dated March 29, 2023

                                Respectfully Submitted,
                                SHANA YOUNG
                                By her attorney,
                                /s/Joshua R.I. Cohen
                                Joshua R.I. Cohen, pro hac vice
                                Cohen Consumer Law, PLLC
                                PO Box 1040
                                St. Albans, VT 05478
                                Tel: 802-380-8887
                                Fax: 860-233-0339
                                jcohen@thestudentloanlawyer.com