# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| In re: Shana Young,<br><br>　　　　Debtor. | Case No.: 4:19-BK-15982<br>Chapter 13 |
| Shana Young,<br><br>　　　　Plaintiff,<br><br>v.<br><br>National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-3, and National Collegiate Student Loan Trust 2006-2,<br><br>　　　　Defendants. | Adv. Pro. Case No.: 4:23-ap-01017 |

### DEFENDANT, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, National Collegiate Student Loan Trust 2005-1 ("NCSLT 2005-1"), through counsel, hereby responds to the Complaint filed by plaintiff, Shana Young ("plaintiff"), as follows:

**Nature of the Action**

1.　　NCSLT 2005-1 admits only that this is an adversary proceeding seeking an undue hardship discharge but denies the remaining allegations and relief sought.

1

## Jurisdiction and Venue

2. The Docket in the United States Bankruptcy Court for the Eastern District of Arkansas, Case No. 4:19-BK-15982 (the "Bankruptcy"), speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 2 state otherwise, they are denied.

3. NCSLT 2005-1 denies the allegations in ¶ 3 as calling for a legal conclusion and leaves all matters of jurisdiction to the Court.

4. NCSLT 2005-1 denies the allegations in ¶ 4 as calling for a legal conclusion.

5. NCSLT 2005-1 denies the allegations in ¶ 5 as calling for a legal conclusion and leaves all matters of venue to the Court.

## Parties

6. NCSLT 2005-1 admits that plaintiff is the debtor in this matter and that she is indebted to NCSLT 2005-1 on the outstanding balance of an educational loan owned by NCSLT 2005-1 (the "NCSLT 2005-1 Loan"). Except as specifically admitted, NCSLT 2005-1 denies any remaining allegations in ¶ 6.

7. NCSLT 2005-1 admits the allegations in ¶ 7.

8. NCSLT 2005-1 admits the allegations in ¶ 8 upon information and belief.

9. NCSLT 2005-1 admits the allegations in ¶ 9 upon information and belief.

## Factual Allegations

10. NCSLT 2005-1 admits the allegations in ¶ 10 upon information and belief.

11. NCSLT 2005-1 admits the outstanding balance on the NCSLT 2005-1 Loan exceeds $32,000. Except as specifically admitted, NCSLT 2005-1 denies any remaining allegations in ¶ 11.

12. The allegations in ¶ 12 are not directed to, and do not require a response from, NCSLT 2005-1. To the extent a response is required, NCSLT 2005-1 refers to Proof of Claim No. 1 on the Claims Register in the Bankruptcy as the best evidence of its contents and denies the allegations in ¶ 12 to the extent they state otherwise.

13. The allegations in ¶ 13 are not directed to, and do not require a response from, NCSLT 2005-1. To the extent a response is required, NCSLT 2005-1 refers to Proof of Claim No. 2 on the Claims Register in the Bankruptcy as the best evidence of its contents and denies the allegations in ¶ 13 to the extent they state otherwise.

14. NCSLT 2005-1 admits the allegations in ¶ 14 upon information and belief.

15. NCSLT 2005-1 denies the allegations in ¶ 15.

16. NCSLT 2005-1 denies the allegations in ¶ 16 as calling for legal conclusions.

17. The referenced lawsuit speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 17 state otherwise, they are denied.

18. NCSLT denies the allegations in ¶ 18 as stated. The NCSLT 2005-1 Loan was disbursed to plaintiff in the amount of $21,838.00 on or about November 30, 2004, however the original balance on the NCSLT 2005-1 Loan also included an Origination Fee in the amount of $1,518.15, for a total original Principal Amount of $23,356.15.

19. NCSLT 2005-1 admits plaintiff failed to make the required payments on the NCSLT 2005-1 Loan but otherwise denies the allegations in ¶ 19 as calling for a legal conclusion.

20. The allegations in ¶ 20 are not directed to, and do not require a response from, NCSLT 2005-1. To the extent a response is required, NCSLT 2005-1 admits upon

information and belief that plaintiff also failed to make the required payments on the loans owned by National Collegiate Student Loan Trust 2005-3 and National Collegiate Student Loan Trust 2006-2 but otherwise denies the allegations in ¶ 20 as calling for a legal conclusion.

21. The referenced lawsuit speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 21 state otherwise, they are denied.

22. NCSLT 2005-1 denies the allegations in ¶ 22.

23. NCSLT 2005-1 denies the allegations in ¶ 23.

24. NCSLT 2005-1 denies the allegations in ¶ 24.

25. NCSLT 2005-1 denies the allegations in ¶ 25 as calling for legal conclusions.

26. NCSLT 2005-1 denies the allegations in ¶ 26 as calling for legal conclusions.

27. NCSLT 2005-1 denies the allegations in ¶ 27.

28. NCSLT 2005-1 denies the allegations in ¶ 28 as calling for legal conclusions.

29. NCSLT 2005-1 denies the allegations in ¶ 29.

30. The allegations in ¶ 30 are not directed to, and do not require a response from, NCSLT 2005-1. To the extent a response is required, NCSLT 2005-1 admits the allegations in ¶ 30 on information and belief.

31. NCSLT 2005-1 denies the allegations in ¶ 31.

32. NCSLT 2005-1 denies the allegations in ¶ 32.

## Claims for Relief

*Declaration that the Private Student Loan Obligations to NCT Should be Discharged Pursuant to Section 523(a)(8)*

33. NCSLT 2005-1 reasserts the foregoing as if fully stated herein.

34. NCSLT 2005-1 denies the allegations in ¶ 34.

35. NCSLT 2005-1 denies the allegations in ¶ 35.

In response to the paragraph beginning with WHEREFORE, NCSLT 2005-1 denies that plaintiff is entitled to the relief sought.

## **AFFIRMATIVE DEFENSES**

1. The Adversary Complaint fails to state a claim or cause of action against NCSLT 2005-1 upon which relief may be granted.

2. Plaintiff is not eligible for student loan discharge because the totality of the circumstances do not warrant a discharge of her student loans as an undue hardship.

3. Plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

4. NCSLT 2005-1 asserts that additional affirmative defenses of waiver, laches, estoppel, res judicata and any other affirmative defense may become known during the pendency of this litigation and reserves the right to specifically assert any such defense at such time.

WHEREFORE, based on the foregoing, Defendant, National Collegiate Student Loan Trust 2005-1, respectfully requests that this Answer be deemed good and sufficient

and that plaintiff's Complaint be dismissed, with prejudice at plaintiff's cost, and for all other general and equitable relief.

    Dated: October 12, 2023        Respectfully Submitted,

                                */s/ Justin H. Homes*
                                Justin H. Homes, Esq.
                                3838 North Causeway Boulevard, Suite 2800
                                Metairie, LA 70002-7227
                                (504) 828-3700 Phone
                                (504) 828-3737 Fax

                                *Attorneys for Defendants, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-3, and National Collegiate Student Loan Trust 2006-2*

## **CERTIFICATE OF SERVICE**

      I certify that on October 12, 2023, a copy of the foregoing was filed electronically in the Court's Case Management / Electronic Case Filing system. Notice of this filing will be sent to the parties and counsel of record by operation of the Court's CM/ECF filing system.

                                */s/ Justin H. Homes*
                                Justin H. Homes, Esq.

6